BRENDA GILMOUR,

                              Case No. 2023-cv-2813

     Plaintiff,

vs.

PORTOFINO APARTMENTS – TAMPA,
LLC and PROVIDENCE MANAGEMENT
COMPANY-FL, LLC,

     Defendants.

_____/

## DEFENDANTS' MOTION TO STAY ALL DEADLINES IMPOSED BY THE UNIFORM CASE MANAGEMENT REPORT and CASE MANAGEMENT AND SCHEDULING ORDER, PENDING A RULING ON PLAINTIFF'S UNOPPOSED MOTION TO EXTEND DEADLINE TO AMEND PLEADINGS, FOR LEAVE TO AMEND COMPLAINT, AND TO REMAND TO STATE COURT

Defendants, PORTOFINO APARTMENTS – TAMPA, LLC and PROVIDENCE MANAGEMENT COMPANY-FL, LLC, by and through undersigned counsel, respectfully moves this Honorable Court to stay all deadlines in this case until a ruling is issued on Plaintiff's Unopposed Motion to Extend Deadline to Amend Pleadings, For Leave To Amend Complaint, and To Remand to State Court [D.E. 39], and as grounds thereof state as follows:

1.      On April 24, 2024, Plaintiff, BRENDA GILMOUR, filed her Unopposed Motion to Extend Deadline to Amend Pleadings, For Leave to Amend Complaint, and To Remand to State Court [D.E. 39].

2. While Defendants do not object to the Motion, if granted, it would introduce an additional party defendant and remand jurisdiction to the Circuit Court for Hillsborough County, Florida.

3. Should this Honorable Court grant Plaintiff's Motion, additional fact discovery would be needed and experts for both parties would likely have additional information to consider in formulating their final opinions.

4. This Court has granted prior extensions to deadlines imposed by the Uniform Case Management Report, dated January 17, 2024 [D.E. 16] and the Case Management and Scheduling Order, dated March 6, 2024 [D.E. 30] in the past.

5. Nevertheless, due to the drastic impact that the Court's ruling will have on the proceedings, Defendants seek a stay on all deadlines, until the Court has made its final ruling on Plaintiff's Unopposed Motion to Extend Deadline to Amend Pleadings, For Leave To Amend Complaint, and To Remand to State Court [D.E. 39].

6. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with the economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Intendis, Inc. v. River's Edge Pharm., LLC*, No. 11-1634, 2011 WL 13096139, at *1 (N.D. Ga. Oct. 24, 2011). "A district court therefore has broad discretionary authority in determining whether a stay is appropriate." *Glaze Supply Co., Inc. v. Canyon Power Sols., LLC*, No. 6:21-CV-1841-ACC-GJK, 2021 WL 9333860, at *1 (M.D. Fla. Nov. 30, 2021) (citing *Leasing Corp. v. v. Uterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982).

7. "To determine whether a stay is appropriate, courts should consider: (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Id.*

8. Defendants contend that due to Plaintiff's need to include an additional party defendant into the proceedings, and remand the matter to State Court, the instant lawsuit faces a high probability of remaining in its early stages, despite the work the extensive amount of work that has been done by both parties to date.

9. Furthermore, a brief stay will not unduly prejudice either party, as this Court's ruling on Plaintiff's motion [D.E. 39] will have a much stronger impact on the potential timelines the parties face moving forward.

10. A stay is expected to simplify the issues in question and reduce the burden of litigation on the parties and on the court, as it will allow the Court's jurisdiction to be determined before the parties proceed with additional litigation in the improper forum.

WHEREFORE, the Defendants, PORTOFINO APARTMENTS – TAMPA, LLC and PROVIDENCE MANAGEMENT COMPANY-FL, LLC, respectfully request this Honorable Court to enter an Order staying all deadlines imposed by the Uniform Case Management Report [D.E. 16] and the Case Management and Scheduling Order [D.E. 30] until a ruling has been made on Plaintiff's motion, filed on April 24, 2024 [D.E. 39].

## Local Rule 3.01(g) Certification

The undersigned counsel hereby certifies that they attempted to confer with Plaintiff's counsel on April 26, 2024 and April 29, 2024 to discuss this motion, but counsel for the Plaintiff was unavailable. Counsel for the Defendant will diligently attempt to confer with Plaintiff's counsel with regard to the relief sought herein and will supplement this motion with a statement certifying whether the parties have resolved all or part of the motion. Undersigned counsel further certifies this motion is brought in good faith and not for any improper purpose.

BUTLER WEIHMULLER KATZ CRAIG LLP

JOHN P. SHERMAN, ESQ.
Florida Bar No.:127613
jsherman@butler.legal
JOSHUA A. GOLEMBE, ESQ.
Florida Bar No.: 35803
jgolembe@butler.legal
Secondary:     kgarcia@butler.legal
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to the below-named addressee by cm/ecf filing system on April 29, 2024.

Counsel of Record:

Brain L. Elstein, Esq.
Jack Bernstein, P.A.
4350 West Cypress Street, Suite 725
Tampa, FL  33607
brian@bernsteininjurylaw.com
Secondary:  paige@bernsteininjurylaw.com; arianna@bernsteininjurylaw.com
Attorneys For:  Plaintiff

---

JOHN P. SHERMAN, ESQ.